TERRITORY *v.* HILO MERCANTILE COMPANY, LIMITED, A CORPORATION.

No. 937.

ERROR TO DISTRICT MAGISTRATE OF SOUTH HILO.

SUBMITTED JULY 22, 1916.                    DECIDED JULY 27, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*criminal procedure—remanding cause for further proceedings.*

When the trial court sustains a demurrer to a criminal charge, discharging the defendant from custody, and on writ of error the order sustaining the demurrer is reversed, the cause will be remanded to the trial court for further proceedings.

OPINION OF THE COURT BY QUARLES, J.

The defendant, a domestic corporation, was, by penal summons, commanded to appear before the district magistrate of South Hilo and answer to the charge of keeping and storing more than 110 gallons of kerosene in a certain building situate in Hilo, said building not being a building or warehouse used exclusively for the storage of explosives, contrary to the provisions of section 700 R. L. To the said charge the defendant appeared and demurred upon the ground that the charge did not constitute a violation of the laws of the Territory, more particularly, in that it does not allege that the kerosene stored in the said building gives off an inflammatory vapor at a temperature of 115 degrees or less. The district magistrate sustained the said demurrer and made an order discharging the defendant. To review the action of the district magistrate, the Territory under the provisions of section 2520 R. L. has sued out a writ of error. The plaintiff in error has assigned one and only one error, to wit: "That the district magistrate erred in sustain-

ing the demurrer of the defendant to the charge in said cause."

The defendant in this court has filed a confession of error, and as we are of the opinion that the said charge constituted an offense under section 700 R. L., construed in connection with 701 R. L., we have concluded that the order of the district court sustaining the demurrer should be reversed.

A question of practice has arisen as to the proper mandate to be issued from this court to the district court. We are of the opinion that section 2520 and other provisions in chapter 142 R. L. were intended to authorize further proceedings in cases like the one before us. It will be noted that the statute authorizes a writ of error by the Territory from orders or decisions based upon the invalidity or construction of the statute upon which the indictment or charge is founded and whereby the indictment, or some count thereof, or charge, is quashed, or a demurrer thereto sustained, or the judgment of conviction is arrested; and from a decision or judgment sustaining a special plea in bar when the defendant has not been put in jeopardy. We are of the opinion that it was intended by this statute and other provisions in chapter 142 R. L. relating to writs of error to authorize the remanding of a criminal cause like the one at bar where a demurrer based upon the construction of the statute upon which the charge is founded has been sustained and the order sustaining such demurrer is reversed for further proceedings in the court below. Otherwise the legislature would not have confined the review to cases where the defendant has not been put in jeopardy. If the object of the statute authorizing the writ of error was merely to settle questions of practice, the legislature, presumably, would have said so, thus exempting the case at bar from the operation of the provisions of section 2534 R. L. wherein it is provided that "the supreme court

shall have power to enter such judgment in the case as in their opinion the facts and law warrant."

The law requires the plaintiff in error to assign the errors relied upon for a reversal and appellate courts generally confine their review to the errors assigned. The order made by the district magistrate discharging the defendant is clearly erroneous, and if the plaintiff in error had assigned the making of such order as error we would have been constrained to reverse that order also; but, in the state of the record before us, we cannot do so without going outside of the assigned errors. Upon the return of this cause to the district court the district magistrate has authority to set the order discharging the defendant aside, the same being based upon an erroneous ruling sustaining the demurrer, thus leaving the case in the same condition as if the demurrer had been overruled. If this course is pursued the defendant must be given an opportunity to plead to the charge. We merely suggest the power of the court below in the premises.

The order sustaining the demurrer is reversed and the cause remanded to the district court for further proceedings not inconsistent with the views herein expressed.

*W. H. Heen,* Deputy Attorney General, for plaintiff in error.

*H. Irwin* for defendant in error.